# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDY GOTTLIEB AND LORNA CHAND, ON BEHALF OF THEMSLEVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs*,<br><br>v.<br><br>NED LAMONT, GOVERNOR OF THE STATE OF CONNECTICUT, & DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT,<br><br>*Defendants*, | Civil Action No: 3:20-cv-00623<br><br><br><br>June 1, 2020 |

## CONNECTICUT DEMOCRATIC STATE CENTRAL COMMITTEE'S
## MOTION TO INTERVENE AS DEFENDANT

The Connecticut Democratic State Central Committee ("DSCC") hereby moves to intervene as a defendant in this action. The DSCC moves to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, to intervene by permission under Federal Rule of Civil Procedure 24(b)(1).

Prior to attempting to file this motion on Friday, May 29th, counsel for the Proposed Intervenor notified counsel for the Plaintiffs and current Defendants in this case. Counsel for both parties consented to this Motion to Intervene. Due to technical issues and an inability to

1

contact the clerk's office on Friday afternoon despite repeated attempts, the DSCC was unable to efile this motion with the Court.

If the court grants this motion to intervene, the DSCC will comply with the current scheduling order.

I have attached a memorandum of law in support of this motion.

Respectfully Submitted,

**INTERVENOR/PROPOSED DEFENDANT CONNECTICUT DEMOCRATIC STATE CENTRAL COMMITTEE**

By: _/s/ Kevin N. Reynolds_
KEVIN N. REYNOLDS, ESQ. (ct12305)
General Counsel for the DSCC
The Law Office of Kevin N. Reynolds, LLC
71 Sycamore Road
West Hartford, CT 06117
Tel: 860-308-2388
Email: kreynolds@rsgllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2020, I caused a true and correct copy of the foregoing document to be served upon all counsel of record by email. I also hereby certify that on June 1, 2020, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

Respectfully Submitted,

*/s/ Kevin N. Reynolds*

_____
KEVIN N. REYNOLDS (ct12305)

| | |
|---|---|
| ANDY GOTTLIEB AND LORNA CHAND, ON BEHALF OF THEMSLEVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>NED LAMONT, GOVERNOR OF THE STATE OF CONNECTICUT, & DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT,<br><br>    *Defendants*, | Civil Action No: 3:20-cv-00623<br><br><br><br>June 1, 2020 |

**CONNECTICUT DEMOCRATIC STATE CENTRAL COMMITTEE'S**
**MOTION TO INTERVENE AS DEFENDANT**

The Connecticut Democratic State Central Committee ("DSCC"), which is the governing body of the Connecticut Democratic Party, seeks to participate as an intervening defendant in this matter which challenges the petitioning process for ballot access for major parties as set

forth in Title IX of the Connecticut General Statutes and modified by Executive Order 7LL, issued on May 11, 2020 by Governor Ned Lamont. The DSCC opposes Plaintiffs' requested relief to further modify the requirements necessary to access the ballot. As set forth below, the DSCC has a substantial interest in the orderly administration of Connecticut's primary and, therefore, seeks to intervene in this matter to represent and protect this interest.

## I. The DSCC Should be Granted Intervention of Right

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, unless "existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors, who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." The DSCC meets each of these requirements for intervention as of right.

### A. The DSCC's Motion is Timely.

The DSCC's Motion to Intervene is timely. The Plaintiff initially filed its Complaint with the Court on May 6, 2020 before Executive Order 7LL was issued on May 11, 2020. Since May 1, 2020 (if not earlier given staff and planning responsibilities), the DSCC has been fully occupied with administering its state, congressional, state senate and state house conventions. Upon review of the Plaintiffs' original complaint and receipt of Executive Order 7LL, the DSCC prepared this Motion to Intervene. The DSCC's intervention, which was certainly foreseeable, will not delay the proceedings or prejudice the Plaintiffs or the Defendants. Upon the granting of this motion, the DSCC will comply with the current scheduling order.

### B. The DSCC Has a Substantial Legal Interest in the Subject Matter of this Case.

DSCC clearly has a substantial legal interest in the subject matter of this case: to protect its First Amendment right of association to have a candidate-selection process that will produce

the nominee who best represents its political platform. *See California Democratic Party v. Jones,* 530 U.S. 567, 574-575, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2000).

. The U.S. Court of Appeals for the Second Circuit has made clear that for an interest to be recognized under Rule 24(a)(2), it must be "direct, substantial, and legally protectable." *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); accord *Donaldson v. United States*, 400 U.S. 517, 531 (1971). To intervene, a party must have a "direct, substantial, and legally protectable" interest. *Brennan v. N.Y.C. Bd. Of Educ.*, 260 F.39 123 (2d Cir. 2001). The DSCC, seeking to intervene "must show only an interest within the context of the case, and . . . demonstrate that its interest may be impaired by an adverse decision in the case." *Bridgeport Guardians v. Delmonte*, 227 F.R.D. 32, 34 (D. Conn. 2005) (emphasis added) (citing Brennan). The DSCC has satisfied these standards.

As a "major [political] party", defined in Connecticut statutes, the DSCC has direct, substantial and legally protectable interests, both organizational and associational, in this litigation concerning the August primary. *See* Conn. Gen. Stat. § 9-376(5). The DSCC's legal interests at issue in this matter include nominating Democratic candidates for state and federal offices. The DSCC, as a major political party, also has thousands of members who are expected to cast ballots in the primary election. Accordingly, the DSCC has substantial legal interests in the subject matter of this case.

    **C.**    **Intervention in This Case Is Necessary to Protect the Interests of the DSCC**

Under the third intervention prong, a "would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. This burden is "minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." *Id*; *see also Citizens for Balanced Use v. Mont.*

7

*Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011)("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired").

The DSCC has a substantial interest in nominating candidates who best represent the interests of its members to run in the November general election. The relief sought by the Plaintiffs in this matter may significantly impact the DSCC's interests and the DSCC, therefore, should be given the opportunity to provide its input on this important issue.

### D. The Existing Parties Cannot Protect the Interests of the DSCC

The DSCC carries a minimal burden to show that the existing parties to this litigation inadequately represent DSCC's interests. The inadequacy requirement of Rule 24(a) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528 (1972) at 538 n.10; *see also United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002). In the case at bar, as a major party committee, the interests of the DSCC (which *is* the Connecticut Democratic Party) will not be adequately represented by any current party to the litigation, particularly given the fact that Plaintiffs are members and potential candidates of the very political party which is not yet a party to this litigation. The DSCC satisfies this minimal burden.

Defendant Secretary of the State must assert and defend the rights and obligation of the State of Connecticut. The Secretary of the State cannot and should not concern herself with the rights and obligations of a major political party. Only the DSCC may do so. Denying the DSCC intervenor status in this case may compel, if not require, either the Governor and the Secretary of the State to support overtly partisan political positions during the litigation. Accordingly, intervention is necessary to protect the DSCC's interest in nominating candidates that are

8

representative of its members' interests.

## II. Alternatively the DSCC Should Be Allowed to Intervene by Permission

Alternatively, the DSCC should granted to intervene by permission. Rule 24(b)(1)(B) permits intervention on timely motion by anyone who "has a claim or defense that shares with the main action a common question of law or fact. "Fed. R. Civ. P. 24(b)(1)(B). The Court, "[i]n exercising its discretion . . . must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). This rule is to be construed liberally, and it excludes many of the requirements of intervention as of right. *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 294 (6th Cir. 1983). The same substantial interests that give the DSCC a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b).

"Permissive intervention pursuant to Rule 24(b) 'is discretionary with the trial court.' H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986).'Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.' Id. (internal quotation marks omitted). See also *In re Holocaust Victim Assets Litig*., 225 F.3d 191, 202 (2d Cir. 2000)." *Citizens Against Casino Gamiling in Erie County v. Hogen* (2nd Cir. 2011). "Additional considerations and the balance of equities also support permissive intervention. For claims of permissive intervention, the "elements of the rule must be read in balance . . . A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation." *United States v. Hooker Chemicals & Plastics*

*Corp.*, 749 F.2d 968, 983 (2d Cir. 1984)" *N. River Ins. Co. v. O&G Indus., Inc.*, No. 3:13-cv-00589 (JAM), 11 (D. Conn. 2016).

The same substantial interests that give the DSCC a right to intervene in this case under Rule 24(a)(2) support permissive intervention under Rule 24(b). In deference to the court, we will not repeat those points here.

First, and as stated above, the motion is timely even given the abbreviated timeline of this case. Second, the DSCC has a claim or defense that shares with the main action a common question of law or fact—namely, the DSCC seeks to defend the current law and executive order relating to the petitioning process for ballot access for the August primary. Third, the entry of the DSCC into the case will not unduly delay or prejudice the adjudication of the original parties' rights. If granted intervention, the DSCC is prepared to proceed on the current case schedule and will avoid causing any undue delay in the proceedings. For these reasons, the DSCC should be allowed to intervene in the instant action by permission.

**CONCLUSION**

For the foregoing reasons, Proposed Intervenor-Defendant Connecticut Democratic State Central Committee requests that its motion be granted, and that it be permitted to intervene in the instant action.

Respectfully Submitted,

**INTERVENOR/PROPOSED DEFENDANT CONNECTICUT DEMOCRATIC STATE CENTRAL COMMITTEE**

By: _____
KEVIN N. REYNOLDS, ESQ. (ct12305)
General Counsel for the DSCC
The Law Office of Kevin N. Reynolds, LLC
71 Sycamore Road
West Hartford, CT 06117
Tel: 860-308-2388
Email: kreynolds@rsgllc.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 29, 2020, I caused a true and correct copy of the foregoing document to be served upon all counsel of record by email. I also hereby certify that on June 1, 2020, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

Respectfully Submitted,

_____
KEVIN N. REYNOLDS (ct12305)