UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDY GOTTLIEB, et al., | : | |
| | : | Case No. 3:20-cv-623-JCH |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| NED LAMONT, et al., | : | |
| | : | |
| *Defendants.* | : | June 17, 2020 |

**PLAINTIFF JASON W. BARTLETT'S
MOTION FOR RECONSIDERATION
OF JUNE 8, 2020 RULING (DOC. NO. 33)**

Pursuant to Local Rule 7(c), Plaintiff Jason W. Bartlett files this Motion for Reconsideration of the Court's June 8, 2020 Ruling on Plaintiffs' Motion for Preliminary or Permanent Injunctive and Declaratory Relief (Doc. No. 33).

**GROUND FOR RECONSIDERATION – LEGAL STANDARD**

Plaintiff acknowledges that a Rule 7(c) motion is, "as a practical matter the same thing as [a motion] for amendment of the judgment under Fed.R.Civ.P. 59(e)," *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991), and that this motion therefore must "adhere to stringent standards." *Gold v. Dalkon Shield Claimants Trust*, No:82-cv-383 (EBB), 1998 WL 422900 at *2 (D. Conn. 1998).

Among the grounds for a motion for reconsideration under Rule 59(e) is "the availability of new evidence not previously available," *Gold*, 1998 WL 422900 at *2; *see also Doe v. New York City Dep't of Social Services*, 709 F.2d 782, 789 (2d Cir. 1983). It is on this ground that Plaintiff files this motion.

1

**THE COURT'S JUNE 8 RULING**

The Court issued a well-reasoned 22-page opinion on June 8, concluding, "based on the record before it," that plaintiffs had failed to meet the heavy burden necessary to issue a mandatory preliminary injunction before the deadline for gathering petition signatures had elapsed. Doc. No. 33 at 13. The Court said:

> That is, plaintiffs have not provided ***sufficient evidence*** to demonstrate that their inability to obtain the required signatures reflects the near impossibility of meeting the statutory requirements and is not the result of, for example, an insufficient or ineffective effort. For example, plaintiffs do not ***specify how*** the recipients of these emails or text messages were selected. Similarly, Bartlett does not describe ***how broadly*** he advertised the online portal he had created. . . . [T]here was no evidence regarding ***what steps Bartlett had taken, or intends to take*** to address these issues [with his web portal] and to maximize the web portal's utility in the time remaining from learning of the problems. . . .
> ***Based on the record before the court***, plaintiffs failed to clearly show the virtual impossibility of attaining the required number of signatures if a candidate employs the various petitioning methods. ***Based on the record before it***, the court concludes that Connecticut's petitioning requirements are reasonable. . . . ***[P]laintiffs have not now made*** a clear showing that there is a likelihood of success on the merits of showing such a severe burden.

Doc. 33 at 13-14 (footnotes omitted) (emphases added).

**NEW EVIDENCE NOT PREVIOUSLY AVAILABLE**

Plaintiff submits the Supplemental Declaration of Jason W. Bartlett, attached as Exhibit 1 to this Motion, containing new evidence not previously available during consideration of Plaintiffs' Motion for Preliminary Injunction (Doc. 9).

Specifically, Plaintiff states the following:

1.  The recipients of emails and text messages were selected through lists of party members that were purchased by Plaintiff Bartlett before the beginning of the petitioning process.

2

2. Plaintiff Bartlett did obtain email lists of Democratic voters in his district. *But see* Doc. 33 at 13 n.9 ("It does not appear that plaintiffs obtained email lists of Democratic voters in their districts.").

3. Plaintiff Bartlett made diligent efforts to broadly advertise the online portal to as many Democratic Party voters in his district as possible given the limited timeframe.

4. Plaintiff Bartlett worked diligently to address issues with his web portal, follow up with voters who had difficulty, and follow through with his efforts to the deadline.

5. Plaintiff Bartlett also used all other petitioning methods available to him, including door-to-door canvassing himself and with paid and volunteer supporters, a process which was delayed in his case only because of the candidate's serious concerns about putting either paid campaign workers or volunteer supporters at risk.

6. Plaintiff Bartlett faced an additional burden of the Ballot Access Laws not contemplated in the original briefing on the Motion for Preliminary Injunction—the guidance provided by the Secretary of the State and attached as Exhibit A to Plaintiff Bartlett's Supplemental Declaration was highly confusing, and mislead Plaintiff Bartlett into believing that the witness notarization requirements had been completely suspended for petition pages with written signatures.

7. In fact, the witnessing requirements were suspended, but only for petition pages that had only one signature on them. The Secretary of the State failed to explain the discrepancy in the requirements in the directions provided to Plaintiff Bartlett except for with one vague and confusing sentence, which stated, "[p]etitions signed by more than one enrolled party member must continue to comply with section 9-404b and 9-410 of the General Statute, notwithstanding Executive Order No. 7LL." (See Exhibit A to Bartlett Supplemental Declaration).

8. Plaintiff Bartlett submitted over 1,400 signatures to the New Haven Democratic Party Registrar of Voters before the deadline of 4pm on June 11, 2020.

9. However, at the direction of Defendant Secretary of the State Denise Merrill's office, the Registrar of Voters rejected the petitions because the petitions that contained more than one signature on a page lacked a notarization.

10. Plaintiff Bartlett diligently then sent the following day, June 12, 2020, a video attestation of a circulator to the New Haven Democratic Registrar and asked her to see if SOTS would accept and could she begin counting.

11. The New Haven Democratic Party Registrar of Voters and Plaintiff Bartlett await a decision from the Secretary of the State on the validity of Plaintiff Bartlett's late submission.

12. If Plaintiff Bartlett fails to qualify for the ballot, no State Senate candidate will have qualified for the ballot for a major party primary in 2020 by gathering petition signatures.

13. Plaintiff Bartlett now seeks to be able to submit signatures without the attestation or to be given a reasonable amount of time to obtain attestations for all of his petitions and to submit them upon the issuance of a Court order.

**ARGUMENT**

Plaintiff Bartlett has produced sufficient evidence to justify the issuance of a more limited preliminary injunction than that which was requested in his original motion—he seeks relief of from the deadline for compliance with Connecticut's Ballot Access Laws as modified by Governor Lamont's executive order, and seeks relief from the deadline only for non-compliance with a technical requirement that he reasonably believed was part of the requirements that had been waived due to the COVID-19 pandemic under the order.

That is, Plaintiff Bartlett collected all of the signatures in the required amount of time, demonstrating that he had a significant modicum of support as defined by the State of Connecticut and the Democratic State Central Committee. The only thing he failed to do was get a notary, which he thought wasn't required, and he got one within 24 hours and was able to resubmit the petitions.

As this Court observed in its ruling on June 8, "[w]itness requirements . . . have been heavily litigated in this Circuit as burdens on the petitioning process." Doc. 33 at 12 n.8 (citing *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135 (2d Cir. 2000) & *Maslow v. Bd. of Elections*, 658 F.3d 29 (2d Cir. 2011)). In this case, the witnessing requirement was the final blow to an onerous set of requirements that were virtually impossible to meet. Somehow, through extremely diligent efforts, Plaintiff Bartlett was able to come within 24 hours of complying with the requirements. On this fuller record, the Court should reconsider its decision and rule that Plaintiff Bartlett's efforts were sufficient—and Connecticut's requirements, as applied to him to deny his access to the ballot, are unconstitutionally strict.

**REQUEST FOR RELIEF**

In the Court's June 8 ruling, Doc. 33 at 21, the Court specifically rejected extending the deadling for gathering petition signatures "to July 15, 2020—18 days <u>after</u> the statute requires town clerks to send out the military and overseas ballots." *Id.* In this Motion, Plaintiff Bartlett narrows his request simply to either suspend the requirement of attestation for signatures on petition pages with more than one signature, or to allow his late filing of compliant petition signatures with attestations upon the issuance of a Court order.

WHEREFORE, Plaintiff Jason W. Bartlett requests that this Court reconsider its June 8, 2020 ruling, and order the Defendant Secretary of the State Denise Merrill to accept his petition

signatures, which were greater than the number required, and show a significant modicum of voter support.

Dated: June 17, 2020 						Respectfully Submitted,

PLAINTIFF JASON W. BARTLETT

By:_____/s/_____
Alexander T. Taubes, Esq.
Federal Bar No.: ct30100
Alexander T. Taubes
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com

*Their Attorney*

6